# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-63

LARRY JORDAN,                                                    APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                  APPELLEE.

Before HOLDAWAY, IVERS, and STEINBERG, *Judges*.

## O R D E R

This is an appeal from a November 29, 1999, decision of the Board of Veterans' Appeals (BVA or Board) that, inter alia, determined that the veteran had not raised a valid claim of clear and unmistakable error (CUE) as to a November 25, 1977, regional office (RO) decision. The parties filed briefs, and the Court subsequently ordered them to file supplemental pleadings as to why, in light of the enactment of the Veterans Claims Assistance Act of 2000 (VCAA), Pub.L.No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), the matter on appeal should not be remanded. The veteran's response argued against a remand, and the Secretary's argued in favor of a remand, in light of the enactment of the VCAA.

Following the filing of the supplemental pleadings, the Court decided *Livesay v. Principi*, 15 Vet.App. 165 (2001) (finding that VCAA is not applicable to CUE matters). Also relevant is the decision of the U.S. Court of Appeals for the Federal Circuit in *Disabled American Veterans v. Gober*, 234 F.3d 682 (Fed. Cir. 2000) (holding that failure to comply with pleading requirements when asserting CUE in BVA decision could not be valid basis to deny such assertion of CUE and invalidating 38 C.F.R. § 20.1404(b) (1999) to extent that it sanctions such denial, which creates res judicata effect under 38 C.F.R. § 20.1404(c)), *cert. denied*, 121 S.Ct. 1605 (2001); *see also* 66 Fed.Reg. 35902, 35902-03 (July 10, 2001) (revising § 20.1404(b) so as "to provide that the Board will dismiss such motions [to dismiss for failure to comply with pleading requirements] without prejudice to refiling"). Finally, the Court is also concerned about the extent to which principles of res judicata should apply, as a general matter independent of the regulation, to a final VA or BVA decision denying a CUE claim on the ground that it fails to meet CUE pleading requirements set forth in *Fugo v. Derwinski*, 6 Vet.App. 40, 43 (1993).

Upon consideration of the foregoing, it is

ORDERED that, within 30 days after the date of this order, the appellant file and serve on the Secretary a supplemental brief addressing the impact, if any, of recent, precedential case law and principles of res judicata on this appeal. It is further

ORDERED that, within 30 days of service of the appellant's supplemental brief, the Secretary file a responsive supplemental brief.

DATED:     January 16, 2002          PER CURIAM.